**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-8205**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHN DAVID ANDERSON, JR.,

Defendant – Appellant.

---

**No. 10-6721**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHN DAVID ANDERSON, JR.,

Defendant – Appellant.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, District Judge. (1:00-cr-00033-BEL-1; 1:07-cv-00234-BEL)

---

Submitted:  March 28, 2011              Decided:  April 8, 2011

---

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

John David Anderson, Jr., Appellant Pro Se. Martin Joseph Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John David Anderson, Jr., seeks to appeal the district court's orders from November 2009[*] and May 2010 denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion. With respect to the November 2009 order, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record

---

[*] Anderson's appeal from the November 2009 order was interlocutory when filed. The district court's subsequent entry of a final judgment permits review of the order under the doctrine of cumulative finality. See In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005); Equip. Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).

3

and conclude that Anderson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

With respect to the May 2010 order, which denied relief after an evidentiary hearing, it is Anderson's burden to include in the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal. See Fed. R. App. P. 10(b); 4th Cir. R. 10(b). Although the district court granted Anderson a transcript at government expense, he failed to produce the entirety of that transcript. By failing to produce a transcript, Anderson has waived review of the issues on appeal that depend on the transcript to show error. See Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992) (per curiam); Keller v. Prince George's Cnty., 827 F.2d 952, 954 n.1 (4th Cir. 1987). As no error appears on the record before us, we affirm the district court's order as to the claim upon which a certificate of appealability was granted, and deny a certificate of appealability and dismiss as to the remaining claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4